IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01581-BNB

ANTHONY GANTER,

    Applicant,

v.

STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2007

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Anthony Ganter was a prisoner in the custody of the Colorado Department of Corrections at the Huerfano County Correctional Center at Walsenburg, Colorado, when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a brief in support of the habeas corpus application. On August 13, 2007, Mr. Ganter filed a notice of change of address that indicates he has been released from incarceration. On August 15, 2007, Magistrate Judge Craig B. Shaffer ordered Mr. Ganter to show cause why the habeas corpus application should not be denied for failure to exhaust state court remedies. On September 19, 2007, Mr. Ganter filed his response to the show cause order.

The Court must construe the habeas corpus application, supporting brief, and response to Magistrate Judge Shaffer's show cause order liberally because Mr. Ganter is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Ganter alleges that he was convicted in the El Paso County District Court in 2001 and that he was sentenced to eight years in prison. Mr. Ganter claims in this action that his conviction and sentence are invalid because the statutes he was convicted of violating are published in the Colorado Revised Statutes without enacting clauses. Mr. Ganter concedes in his application and in his response to Magistrate Judge Shaffer's show cause order that he has not exhausted state court remedies because he has not raised his claims in any state court.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Ganter asks the Court not to dismiss this action for failure to exhaust state court remedies. In support of this request he cites a number of cases for the proposition that the exhaustion requirement is not jurisdictional and may be excused in certain exceptional circumstances. *See, e.g., Frisbie v. Collins*, 342 U.S. 519, 520-21 (1952). However, Mr. Ganter fails to allege the existence of any exceptional circumstances that might justify excusing the exhaustion requirement in the instant action. Therefore, the instant action will be dismissed for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 9 day of Oct., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01581-BNB

Anthony Ganter
4050 Ruskin Way, Apt. 1
Colorado Springs, CO 80901

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk